IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROGER LEE BAKER, JR., | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:22-CV-00023-CDL-MSH |
| | : | |
| BILL JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Roger Lee Baker, Jr., an inmate who is currently incarcerated at the Augusta State Medical Prison in Grovetown, Georgia, has filed a Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a motion for preliminary injunctive relief (ECF No. 3). For the following reasons, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**, and Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form and either pay the filing fee or move for leave to proceed *in forma pauperis* in accordance with the instructions set forth below.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a motion requesting preliminary injunctive relief (ECF No. 3). Although the precise relief requested by Plaintiff is unclear, it appears that he primarily "'<u>DEMANDS</u>' a criminal trial" and seeks an "'Order of Remand for Corrections.'" Mot. Inj. Relief 1, ECF No. 3. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176,

1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1] Factors a movant must show to be entitled to a TRO or preliminary injunction include (1) a substantial likelihood of ultimate success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the TRO or preliminary injunction would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his Complaint, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Indeed, it appears that the relief Plaintiff seeks in his motion is in the nature of a writ of mandamus ordering state officials to take action in Plaintiff's criminal case. This Court does not have the authority to grant such relief. *See Moye v. Clerk, Dekalb Cnty. Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that federal courts lack the power to issue writs compelling action by state officials in the performance of their duties).[2] Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.

---

[1]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief be **DENIED.**

### ORDER TO RECAST AND SUBMIT IFP MOTION

Most of the claims in Plaintiff's original Complaint appear to arise from criminal charges from Talbot County, Georgia. Compl. 4, ECF No. 1. Plaintiff, however, also indicates that he "nearly lost his life due to medical neglect." Attach. 1 to Compl. 14. More specifically, Plaintiff alleges that he has been "suffering from multiple myeloma with spinal cord compression, and these life threatening injuries were caused by blood cancer"; he thus requests a transfer "to a hospital immediately to receive chemo." *Id.* In addition, Plaintiff has filed a separate "Notice of Medical Issues" which describes similar medical concerns (ECF No. 4).

A plaintiff may set forth only related claims in a single lawsuit. A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). In this case, it is unclear from Plaintiff's submissions how his claims concerning his criminal case are logically related to his claims concerning his medical treatment.

For this reason, Plaintiff is **ORDERED** to entirely recast his Complaint to include all amendments and additional facts he wishes to make a part of his pleading. The recast

3

complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims.

**The recast complaint will supersede (take the place of) the original Complaint in this case** (ECF No. 1). The Court will not look back to the factual allegations in the original Complaint or any other document filed by Plaintiff to determine whether Plaintiff has stated a cognizable constitutional claim in this case. Plaintiff should therefore include every factual allegation he wishes the Court to consider in his recast complaint. The Clerk is **DIRECTED** to forward a copy of the standard § 1983 form marked with the case number of the above-captioned action to the Plaintiff to use in recasting his Complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint on this form. The Clerk is also **DIRECTED** to send Plaintiff a blank copy of

4

the § 1983 form that Plaintiff may use to file a complaint about any claims that are unrelated to the subject of his recast complaint.

Plaintiff has also failed to file a proper and complete motion for leave to proceed *in forma pauperis*.  A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).  Accordingly, Plaintiff is **DIRECTED** to either pay the Court's $402.00 filing fee or submit a complete and proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.  The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for the above-captioned action.  Plaintiff shall also have **FOURTEEN (14) DAYS** from the date of this Order to pay the filing fee in full or submit his motion.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief (ECF No. 3) be **DENIED** at this time.  Plaintiff is also **ORDERED** to (1) recast his Complaint on the Court's standard form to include only related claims and (2) either pay the Court's $402.00 filing fee or move for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order.  Plaintiff is further **DIRECTED** to notify the Court of any change of address.  **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process in this case until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 11th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE